UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-42-GCM

| DAMON EMIL FIELDS, et al., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| BRIAN CHRISTOPHER FIELDS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 4). Plaintiffs are proceeding *in forma pauperis*. (Doc. No. 3).

I. BACKGROUND

*Pro se* Plaintiffs purport to file suit under 42 U.S.C. § 1983. The Complaint was so severely deficient that Plaintiffs were instructed to file a superseding Amended Complaint within 20 days. (Doc. No. 3). They were cautioned that failure to comply with the Court's Order would likely result in dismissal of this action without prejudice. (Doc. No. 3 at 2-3). Plaintiffs have filed an Amended Complaint which is now before the Court on initial review. (Doc. No. 4).

Plaintiffs name as Defendants Social Services Adult Protective Services, Gaston County Social Services Supervisor Jennifer Buttler, Gaston County Social Services Social Worker Cory Hall, Gaston County Social Services Guardianship Supervisor Stephen Stevenson, "unknown accussor of actions," "Kerry Robison FNPC Cardmont Family [illegible] Gaston," "Gaston County Court House/Clerk Judge Brenda Special Proceedings," "Therapy Home Health Service That Came to Home," "Social Worker Saxton Caromont Health," and Woodlawn Haven. (Doc. No. 3 at 1).

1

The Amended Complaint states, *verbatim*:

6 <u>Sixth Amendment of the US Constitution</u>

    States in all criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him.

    To be vaccated out of Woodlawn Haven back at home with son.
Article [VII] Amendment 7 – Civil Trials in suits at common law where the value in controversy shall exceed the value in twenty dollars the right to trial by jury shall be otherwise re-examined in any court of the United States, than according to the Rules of the common law.

    My son Damon Emil Fields to act as my representative and counsel my advocate.

    [Plaintiff's signatures and date]

Neglect
Financial Abuse
Emotional Distress
Emotional Abuse
Treating life/warrent
Killing pets
Stealing property/[illegible]/[illegible]/possession
Distruction of property
Abuse physical/sexual

(Doc. No. 4 at 1-2).

Additional documents were docketed as addenda and attachments to the Amended Complaint. (Doc. Nos. 5, 6). They include apparent medical records and handwritten notes.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is

2

founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

The Amended Complaint is frivolous and insufficient to pass initial review. Plaintiffs fail to explain their relationship with Defendants or describe any alleged incident in enough detail to satisfy Rule 8. Plaintiffs have failed to set forth a short and plain statement describing the Defendants' alleged actions, how the Defendants were state actors, how the Defendants have violated their rights under the color of state law. Further, they have not set forth any discernible prayer for relief. The allegations are so severely deficient that the Court cannot conclude that it has subject-matter jurisdiction over this action. The Amended Complaint will, therefore, be

dismissed as frivolous, for failure to state a claim upon which relief can be granted, and for lack of subject-matter jurisdiction.

### IV. CONLUSION

For the reasons stated herein, the Amended Complaint is dismissed without prejudice as frivolous, for failure to state a claim upon which relief can be granted, and for lack of subject-matter jurisdiction.

**IT IS, THEREFORE, ORDERED that:**

1. The Complaint is **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and for lack of subject-matter jurisdiction.

2. The Clerk of Court is instructed to close this case.

Signed: June 19, 2019

Graham C. Mullen
United States District Judge